José Matienzo Kock et al., Plaintiffs and Appellees. v. Dr. J. S. Igartúa, Defendant and Appellant.

No. 9350.    Argued November 14, 1946.—Decided December 3, 1946.

A. Muñoz Igartúa for appellant.    E. Pérez Casalduc for appellees.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

The plaintiffs brought the present action alleging that within a year prior to its filing they have been in possession of an urban property in the city of Arecibo; that they have been disturbed in said possession by the defendant, this disturbance consisting in that defendant tore down a section of a wall standing between plaintiffs' lot and defendant's house in order that he, according to plaintiffs, could gain access to their lot and acquire possession and the enjoyment thereof. The defendant filed a motion requesting a bill of particulars and the plaintiffs presented a stipulation on the motion for the bill of particulars establishing that: "The piece of land of which they have been dispossessed is on the western boundary line of the property described in the complaint and has the shape of a rectangle, measuring three (3) feet four (4) inches wide, fronting the street, by thirty (30) feet long." Defendant answered the complaint and the case went to trial. The plaintiffs presented evidence to the effect that there was a building in their lot which had a café in its lower floor; that between this building and defendant's there was an alley, the object of this action; that despite the fact defendant's house had a door which opened to said alley it remained shut and the alley was used by the customers of the café in order to go to the toilet which was at the rear of the building; that the alley had no communication with the street because of a concrete wall which it is now alleged has been destroyed in part by the defendant in order to open a door; and that a year prior to the filing of the complaint the plaintiffs destroyed their building leaving only the four exterior walls.

The defendant on his part introduced evidence to the effect that more than a year preceding the filing of the complaint, that is, since plaintiffs' building was torn down, the door of his house which had been closed up to that time was opened to the alley; that said alley was used by his tenants and by himself publicly and peacefully; that a door was opened in the wall which separated the alley from the street

in order that he could go, not into plaintiffs' lot, but to the alley without any need of passing through the house occupied by his tenants. Plaintiffs themselves accepted the fact that for more than one year the defendant and his tenants had used the alley without any objection.

The court found for the plaintiffs and ordered the defendant to close the opening made and to refrain from using it "to go into plaintiffs' lot." The defendant appealed.

The lower court in its findings of fact declared that it had been proved by defendant as well as by the plaintiffs that the defendant for more than a year to the filing of the complaint had been in possession of the strip of land lying between the ruins of plaintiffs' house and the house belonging to the defendant. Nevertheless, it sustained the complaint on the ground that defendant destroyed a wall and opened the door in order to have access to said strip of land from Betances Street.

In our opinion, the lower court erred in ordering the defendant to close up the opening and to refrain from using it "in order to go into plaintiffs' lot," inasmuch as the evidence did not reveal that said opening had been made in order to go into plaintiffs' lot, but in order to have access from the street to the alley between the house of the defendant and that of the plaintiffs', which alley had been in the possession of the defendant for more than one year and had been used by him and his tenants but only by passing through defendant's house. The fact that the latter should open a door at the end of the alley facing the street in order to go in and out of said alley, of which he was in possession within the year preceding the filing of the complaint, did not constitute an act of disturbance in connection with plaintiffs' lot.

The case of *Manrique* v. *Alvarez*, 58 P.R.R. 75, cited by the appellees is clearly distinguishable from the case at bar. In that case defendant changed the manner in which an alley was used by plaintiffs as well as by defendant by "building

a concrete channel along its center and rising its surface to such a height that according to plaintiff, rain waters fell in the interior of his house'' and it was decided that the defendant could not disturb with said construction the use and enjoyment of the alley which plaintiffs and the defendant shared.

In the present case, although plaintiffs' evidence tended to show that before the destruction of their house they also used the alley, there is nothing in the evidence to show that within the year preceding the filing of the complaint they were in possession of the alley. On the contrary, plaintiffs' evidence showed that two years ago they had destroyed their house adjacent to the alley and that it was prior to said date that plaintiff's tenants used the alley.

Considering these findings, the lower court erred in sustaining the complaint and, consequently, the judgment appealed from must be reversed and another rendered dismissing the complaint, with costs but without including attorney's fees.

Mr. Justice Snyder did not participate herein.